UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

301 WEST 53RD STREET JUNIOR
MEZZANINE LLC, ET AL.,

                               Plaintiffs,

            -v-

CCO CONDO PORTFOLIO (AZ)
JUNIOR MEZZANINE, LLC,

                           Defendant.

20-CV-9448 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

       This is an action brought under the New York Uniform Commercial Code and New York state contract law.  Plaintiffs — five limited liability companies (LLCs) — filed this action against Defendant — also an LLC — in New York Supreme Court for New York County in the early hours of November 11, 2020, seeking to enjoin an auction scheduled for November 12, 2020.  At some point during the day on November 11, 2020, Defendants removed the action to this Court, invoking federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

       The Notice of Removal and the Complaint do not establish this Court's subject matter jurisdiction because they fail to allege the citizenship of *each* of the members of the LLC parties. The Notice of Removal does allege that Defendant "is 100 percent owned by CIM Real Estate Finance Trust, Inc., a Maryland corporation with its principal place of business in Arizona at the same address."  As to the five LLC Plaintiffs, however, the Notice of Removal avers that Plaintiffs "are incorporated [*sic*] in the state of Delaware and have their principal place of business in New York."  The place of registration (or "incorporation") or principal place of business of an LLC are irrelevant to the question of diversity of citizenship under § 1332. Rather, for purposes of diversity jurisdiction, an LLC has the citizenship of *each of its members*.

*See ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (citing *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)).  Thus, in order to invoke this Court's diversity jurisdiction, a party must allege that the citizenship of each member of the LLC Plaintiffs was diverse from the citizenship of each member of the LLC Defendant.

Absent such allegations, the Notice of Removal is defective, and this Court lacks subject matter jurisdiction over this action.

Accordingly, this action is hereby REMANDED to New York Supreme Court for New York County.

SO ORDERED.

Dated: November 11, 2020
New York, New York

4:35 p.m.

_____
J. PAUL OETKEN
United States District Judge

Part I